UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DOROTHEA JOHNSON,            )
                             )
     Plaintiff(s),           )
                             )
     vs.                     )     Case No. 4:10CV520 JCH
                             )
TRAVELERS HOME & MARINE      )
INSURANCE CO.,               )
                             )
     Defendant(s).           )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend Petition[1], and Motion to Remand, both filed April 22, 2010. (Doc. Nos. 11, 9). The motions are fully briefed and ready for disposition.

By way of background, Plaintiff Dorothea Johnson ("Johnson") filed her original Petition ("Complaint") in this matter in the Circuit Court of St. Louis City, Missouri, on or about March 8, 2010. (Complaint, attached to Defendant's Notice of Removal as Exh. A). Johnson asserted claims for breach of contract and breach of contract-vexatious delay against Defendant Travelers Home & Marine Insurance Company ("Travelers"). (Id.). Travelers removed the action to this Court on March 26, 2010, on the basis of diversity jurisdiction. (Doc. No. 1).

In her Motion for Leave to Amend Petition, Johnson seeks to file an Amended Complaint adding as defendants her insurance agent and his agency. (Doc. No. 11). Specifically, Johnson seeks leave to add a claim for negligence against Jack Lawrence, Jr., and the Jack Lawrence Jr. Agency,

---

[1] On April 26, 2010, the Court mistakenly granted Plaintiff's Motion for Leave to Amend Petition without affording Defendant the opportunity to file a response. The Court vacated its order granting the motion on April 30, 2010, and the motion remains pending at this time.

for failure to obtain insurance on her home as instructed by Johnson. (Doc. No. 12, P. 2). Johnson further moves for an order remanding her suit to St. Louis City, as the parties to the Amended Complaint are not diverse. (Doc. No. 9).

"'When an action is removed from state to federal court, and 'after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" Bailey v. Bayer CropScience L.P., 563 F.3d 302, 307-08 (8th Cir. 2009), quoting 28 U.S.C. § 1447(e). In determining whether to permit the amendment, the Court considers the following factors: "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." Id. at 309 (internal quotations and citations omitted).

> In balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum....Therefore, (t)he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment.

Sexton v. G & K Services, Inc., 51 F.Supp.2d 1311, 1313 (M.D. Ala. 1999) (internal quotations and citation omitted).

With respect to the first factor it is to consider, the Court notes, "[s]everal courts have held that the fact that a plaintiff attempted to add a non-diverse defendant only after the case was removed, even though [s]he knew or should have ascertained the identity of the defendant at an earlier time, strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction." Smith v. White Consol. Industries, Inc., 229 F.Supp.2d 1275, 1280 (N.D. Ala. 2002), citing Sexton, 51 F.Supp.2d at 1312; In re Norplant Contraceptive Products Liability Litigation, 898 F.Supp. 429

(E.D. Tex. 1995). In the instant case, Johnson maintains her motion for leave to amend resulted directly from the Answer and Affirmative Defense filed by Travelers. (Doc. No. 19, P. 3). In other words, Johnson maintains it was not until Travelers chose to assert the affirmative defense that the housing at issue was not Johnson's "residence premises," that her claim for negligence against agent Jack Lawrence, Jr., became actionable. (Id.).

Upon consideration, the Court finds Johnson knew or should have known of her potential claim against the nondiverse defendants before she filed this suit in March, 2010. The undisputed evidence shows Travelers informed Johnson of the basis for its denial on February 16, 2010. (See Travelers' denial letters, Doc. Nos. 16-1, 16-2). Travelers further forwarded the denial letters to Johnson's attorneys on February 26, 2010. (Doc. No. 16-3). Under these circumstances, the timing of Johnson's motion for leave to amend strongly indicates the purpose of her amendment is to defeat diversity jurisdiction. Smith, 229 F.Supp.2d at 1280.

With respect to whether Johnson was dilatory in seeking leave to amend, the Court notes that although Johnson filed her Motion for Leave to Amend Petition within one month of Travelers' removal, as noted above she was aware of all the involved parties before she filed the action in state court. Bailey, 563 F.3d at 309. Finally, the Court finds Johnson will not be significantly injured if amendment is not allowed, as she offers no evidence she would be unable to recover fully in her breach of contract claims against Travelers in the absence of the nondiverse parties as additional defendants. Smith, 229 F.Supp.2d at 1282; Sexton, 51 F.Supp.2d at 1314.[2]

---

[2] Under the above reasoning, joinder of the nondiverse defendants is not required under Fed.R.Civ.P. 19, as Johnson fails to demonstrate the new parties are necessary and indispensable to a full resolution of the case. See Bailey, 563 F.3d at 308.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Petition (Doc. No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. No. 9) is **DENIED**.

Dated this 12th day of May, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE